L9UsSUN1

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        21 CR 343 (SHS)

5    YING SUN, et al.,

6              Defendants.

7    ------------------------------x

8                                        New York, N.Y.
                                         September 30, 2021
9                                        4:30 p.m.

10
     Before:
11
                    HON. SIDNEY H. STEIN,
12
                                         District Judge
13

14                       APPEARANCES

15   AUDREY STRAUSS
          United States Attorney for the
16        Southern District of New York
     BY:  BRETT M. KALIKOW
17        Assistant United States Attorney

18   XAVIER DONALDSON
          Attorney for Defendants Frank Liu and Dielong Wu
19
     DAVID TOUGER
20        Attorney for Defendant Larry Lai

21   ERIC R. BRESLIN (by telephone)
          Attorney for Defendant Steven Woo
22
     MICHAEL D. WALSH (by telephone)
23        Attorney for Defendant Ying Sun

24   ALSO PRESENT:
     JIANHANG MAI, Mandarin Language Interpreter
25   PHANESSIA LIAO, Cantonese Language Interpreter
```

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3   for the record.  First, the attorneys in the courtroom.

4          MR. KALIKOW:  Good afternoon, your Honor.  Brett

5   Kalikow for the government.

6          THE COURT:  Good afternoon.

7          MR. DONALDSON:  Your Honor, Xavier R. Donaldson

8   Mr. Dielong Wu.  Also, with the court's permission, standing up

9   for Mr. John Kaley for Frank Liu.

10          THE COURT:  Where is Mr. Frank Liu.

11          DEFENDANT LIU:  I'm here.

12          THE COURT:  The other client, sir, is Dielong Wu.

13   Where is he, sir?

14          MR. DONALDSON:  To my left, your Honor.

15          THE COURT:  Welcome to everybody.  We have the other

16   counsel in the courtroom.

17          MR. TOUGER:  Good afternoon, your Honor.  David

18   Touger, T-o-u-g-e-r, for Mr. Larry Lai, standing to my back and

19   to my left.

20          THE COURT:  Good afternoon to both of you.

21          On the telephone, we have Mr. Breslin.

22          Are you on, sir?

23          MR. BRESLIN:  Yes, your Honor.  Good afternoon, your

24   Honor.  Eric Breslin for Steven Woo.

25          THE COURT:  Is Mr. Woo on the telephone?

1    MR. BRESLIN:  He should be on with the translator.  He

2  originally called into the court's line, but it was going to

3  work better if he was speaking directly on the translator's

4  line.

5    THE COURT:  I need some indication that Mr. Woo can

6  hear me.

7    DEFENDANT WOO:  I cannot hear very clearly.  Can you

8  explain to me?

9    THE COURT:  Is that Mr. Woo, Madam translator?

10    MS. LIAO:  Yes.

11    THE COURT:  Mr. Woo, can you hear me, sir?

12    Your attorney has just made his appearance.

13    DEFENDANT WOO:  Yes.  I only can hear a little bit.

14    THE COURT:  All right.  Mr. Breslin, I want you to

15  tell your client afterwards everything that has happened.

16    MR. BRESLIN:  We have a call scheduled, your Honor.

17    THE COURT:  All right.  Do I have Mr. Walsh on the

18  telephone?

19    MR. WALSH:  Yes, your Honor.  I am present for Sun

20  Ying, who I present in the courtroom.

21    THE COURT:  Yes, Ms. Ying.  Welcome to everybody.  You

22  may be seated in the courtroom.

23    This is our initial pretrial conference.  I believe I

24  filed a 5(f) order already, and I'm going to give the oral 5(f)

25  order, which says, in essence, that the government knows it has

disclosure obligations under <u>Brady</u> and its progeny.  The

government knows the consequences of any violation of its

disclosure obligations.  I order the government today in open

court to comply with its disclosure obligations under <u>Brady</u> and

its progeny, 3500 Rule 16, and all the rules of criminal

procedure.  If the government fails to comply with its

disclosure obligations, there will be consequences to follow.

All right.  That is the oral order mandated, in

essence, through the wisdom of our congressional

representatives.

Government, tell me what the status of this case is.

MR. KALIKOW:  Thank you, your Honor.

I want to start with one note regarding the defendants

in this case.  All of the defendants who are present here today

have been previously arrested in July of this year, and some of

them who are in California were presented previously remotely

here in this district and appointed local counsel.

THE COURT:  They have all had first appearance and

they have all entered pleases and been assigned counsel?

MR. KALIKOW:  That's correct, your Honor.

One defendant, however, has not yet appeared in this

district who has been arrested.

THE COURT:  That's Mr. Lin?

MR. KALIKOW:  No, your Honor.  Jian Wang was arrested,

but Jie Lin is still a fugitive.

1          THE COURT:  I'm sorry.  This is Jian Wang you're

2     talking about?

3          MR. KALIKOW:  Yes, your Honor.  Mr. Wang was arrested

4     last week on September 24.  I have attempted to communicate

5     with his counsel in California who represented him at that

6     presentment.  Mr. Wang has been bailed, and I'm making

7     arrangements, or trying to make arrangements, for him to be

8     presented remotely and assigned counsel here in this district,

9     but I've yet to be able to contact his California counsel.

10          THE COURT:  All right.  Thank you for telling me that.

11          I take it Jie Lin still remains a fugitive, is that

12     so?

13          MR. KALIKOW:  That's correct, your Honor.

14          THE COURT:  All right.  Tell me more.

15          MR. KALIKOW:  With respect to the general substance of

16     this case, your Honor, this case stems from approximately one

17     year and a half investigation into a money laundering

18     organization operating throughout the United States that

19     received millions of dollars in narcotics trafficking proceeds

20     and laundered it on behalf of Mexican drug cartels and drug

21     trafficking organizations based throughout the United States in

22     at least 23 states.

23          I have spoken with defense counsel regarding discovery

24     in this case.  The discovery will be quite voluminous.  It

25     includes nine wiretaps, three pole cameras, approximately

1  95 observed money pickups that were conducted by the money

2  laundering organization.

3           (Continued on next page)

4           MR. KALIKOW:  (Continuing) Dozens of seizures of

5  money, both from the defendants and others associates as well

6  as from narcotics traffickers.  Dozens of seizures of narcotics

7  from those organizations.  Phone records, location data, bank

8  records, iCloud warrant returns, and the returns of two --

9  excuse me -- three search warrant -- let me strike that again.

10 It was two premises search warrants, including one that

11 resulted in the seizure of 28 cell phones.

12          The government has let defense counsel know we should

13 be in a position to make our initial production of discovery

14 material within the next approximately two weeks.  However, in

15 candor to the Court, I do expect that it will take at least one

16 to two months to produce nearly all of the material, because of

17 the fact that the investigation was conducted with local law

18 enforcement agents in 23 different states.

19          I proposed to defense counsel that we respectfully

20 request that the Court set a status conference in approximately

21 three months so that we can update the Court about the status

22 of discovery production, and assess at that time whether

23 defense counsel and the defendants require more time to review

24 discovery before a motion schedule would appropriately be set.

25 Defense counsel I believe agrees with that proposed timeline,

1    your Honor.

2           THE COURT:  So why don't we set a last date for

3    discovery.  Do you want that to be two months?

4           MR. KALIKOW:  Yes, your Honor.  Thank you.

5           THE COURT:  Last date for discovery by the government

6    December 1.

7           And what was your proposal as to the status

8    conference?

9           MR. KALIKOW:  Approximately three months, your Honor.

10          THE COURT:  Three months from today.  In other words,

11   one month after the government's disclosure.

12          MR. KALIKOW:  Yes, your Honor.

13          THE COURT:  All right.  So one month after December 1

14   would be -- let's make it January 4., Ms. Blakely, 2022.  What

15   time?

16          THE DEPUTY CLERK:  2:30.

17          THE COURT:  2:30 p.m. in this courtroom for a status

18   conference to see where defendants are in terms of making

19   motions.

20          Any objection from defendants to that schedule?

21          Last date for the discovery December 1; January 4,

22   2022 at 2:30 p.m. pretrial conference in this courtroom, 23A

23   for a status conference to see where the defendants are in

24   deciding whether or not they are going to make motions.

25          MR. DONALDSON:  For Mr. Wu, I have a clarifying

1    question.  So for January, the government is going to have this

2    discovery on December 1st.  The next conference will be

3    January 4, that's 30 days afterwards.  Do you want us at that

4    time to tell you whether or not we will be filing motions or

5    just to tell you --

6            THE COURT:  I'm getting a sense, Mr. Donaldson, that

7    the government thinks there is a lot of discovery.

8            MR. DONALDSON:  Right.

9            THE COURT:  I'm not going to press you.

10           MR. DONALDSON:  Okay.

11           THE COURT:  Let's have that status conference.

12   Obviously, to the extent everyone is right on top of things,

13   and you are going to present me with a motion, so much the

14   better.  But to the extent you say, Judge, I've been working my

15   usual 20 hours a day and we need two more days, sure.

16           MR. DONALDSON:  That sounds all right.  Thank you.

17           THE COURT:  That sounds about right for you, correct?

18   20 hours?

19           MR. DONALDSON:  No.  Dave does that.  I try to do 10.

20           THE COURT:  Let's see where we are.  Obviously I want

21   the parties to keep working, I want you to have discussions if

22   it is appropriate with the government regarding resolving the

23   matter, and we'll just see where we are January 4.

24           MR. DONALDSON:  Very good.  Thank you.

25           THE COURT:  Anything else?

1         MR. DONALDSON:  No, your Honor.

2         THE COURT:  Government, anything?

3         MR. KALIKOW:  Yes, your Honor.  The government

4    respectfully requests that the Court exclude time under the

5    Speedy Trial Act in order to allow the government sufficient

6    time to produce the large quantity of discovery in this case,

7    and to give defense counsel adequate time to review it and to

8    review it with the defendants, and for government and defense

9    counsel to begin or continue to have discussions regarding a

10   possible pretrial resolution of this matter.

11        THE COURT:  Any objection from any of the defendants?

12        MR. TOUGER:  No, your Honor.

13        MR. DONALDSON:  No, your Honor.

14        THE COURT:  Hearing no objection, I hereby exclude

15   time from today until January 4, 2022 under 18, United States

16   Code, Section 3161(h)(7)(A).  I make the finding that the ends

17   of justice outweigh the interests of the public and defendants

18   in a speedy trial.  The purpose of the exclusion is to enable

19   the government to produce voluminous discovery, for the

20   defendants to analyze that discovery, for everyone to come in

21   on January 4 to see where we are.

22        Because we do have someone incarcerated defendants, I

23   want to move the case forward and the parties can discuss

24   resolving it consensually.

25        The exclusion is from today until January 4 under the

1    Speedy Trial Act.

2                Filed today document 45 on ECF is a letter from

3    Mr. Breslin.  Let me read it.

4                Mr. Breslin, is this something that you are asking for

5    my attention to now?

6                MR. BRESLIN:  No.  It is an issue regarding Mr. Woo's

7    bond that we're working through with Magistrate Judge Cave, and

8    hopefully resolved yesterday with Magistrate Judge Cave.

9                THE COURT:  I do see it is addressed to the

10   magistrate, so I'll put it aside.  I'll assume she's handling

11   it.  She is an excellent magistrate.

12               If anyone needs my attention to this matter, they

13   shall have it.

14               All right.  Anything else, government?

15               MR. KALIKOW:  No, your Honor.

16               THE COURT:  Anything else from any of the defense

17   attorneys?  Thank you all.  Somebody want to say something?

18   All right.  I'll see everybody on January 4, 2022.  Thank you.

19               (Adjourned)

20

21

22

23

24

25