1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           21 Cr. 343 (SHS)

5    LARRY LAI,

6              Defendant.

7    ------------------------------x

8                                           January 5, 2023
                                            11:30 a.m.
9

10   Before:

11                  HON. SIDNEY H. STEIN,

12                                      U.S. District Judge

13

14                       APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  JONATHAN L. BODANSKY
17        Assistant United States Attorney

18   PELUSO & TOUGER
          Attorneys for Defendant
19   BY:  DAVID TOUGER

20

21

22

23

24

25

N155laiP

1           (Case called)

2           MR. BODANSKY:  Good morning, your Honor.  AUSA

3   Jonathan Bodansky for the government.

4           MR. TOUGER:  Good morning, your Honor.  David Touger,

5   T-O-U-G-E-R, for Mr. Larry Lai, who is standing beside me.

6           THE DEFENDANT:  Good morning, Judge.

7           THE COURT:  Good morning.  And welcome.

8           Do you have an application, Mr. Touger?

9           MR. TOUGER:  Yes, your Honor.

10          At this time my client would authorize me to withdraw

11  his entered plea of not guilty and enter a plea of guilty under

12  the plea agreement dated November 22nd, 2022, which I believe

13  the Court has a copy of.

14          THE COURT:  Yes, sir.

15          Administer the oath to Mr. Lai, please?

16          THE DEPUTY CLERK:  Please stand and raise your right

17  hand.

18          (Defendant sworn)

19          THE DEPUTY CLERK:  Please state your full name and

20  spell your name for the record.

21          THE DEFENDANT:  My name is Larry Lai.  L-A-R-R-Y and

22  L-A-I is the last name.

23          THE DEPUTY CLERK:  Thank you.  Remain standing.

24          THE COURT:  Mr. Lai, do you understand, sir, that you

25  are now under oath, and if you answer any of my questions

N155laiP

1  falsely, your false or untrue answers may later be used against

2  you in another prosecution for perjury or for making a false

3  statement?

4          THE DEFENDANT:  I do.

5          THE COURT:  How old are you, sir?

6          THE DEFENDANT:  I am going on 71 January 18th.

7          THE COURT:  71, sir?

8          THE DEFENDANT:  Yes.

9          THE COURT:  How far did you go in school, sir?

10         THE DEFENDANT:  I am a college -- second year college.

11         THE COURT:  Are you able to read, write, speak, and

12 understand English?

13         THE DEFENDANT:  Yes, I do.

14         THE COURT:  Are you now or have you recently been

15 under the care of a doctor or a psychiatrist?

16         THE DEFENDANT:  No.

17         THE COURT:  Have you ever been treated or hospitalized

18 for any mental illness or any type of addiction including drug

19 or alcohol addiction?

20         THE DEFENDANT:  No.

21         THE COURT:  In the past 24 hours, sir, have you taken

22 any drugs, medicine or pills, or consumed any alcohol?

23         THE DEFENDANT:  No.

24         THE COURT:  Is your mind clear today, sir?

25         THE DEFENDANT:  Yes, Judge.

N155laiP

1        THE COURT:  Are you feeling all right?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Do you have an attorney here?

4        THE DEFENDANT:  Yes, I do.

5        THE COURT:  And who is that?

6        THE DEFENDANT:  David Touger.

7        THE COURT:  Mr. Touger, do you have any doubt as to

8   Mr. Lai's competence to plead at this time?

9        MR. TOUGER:  No, your Honor.

10        THE COURT:  Mr. Lai, you heard Mr. Touger tell me that

11   you wish to enter a plea of guilty today.  Is that true?

12        THE DEFENDANT:  Yes, it is true.

13        THE COURT:  Have you had a full opportunity to discuss

14   your matter with Mr. Touger and to discuss the consequences of

15   entering a plea of guilty?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Are you satisfied with Mr. Touger and his

18   representation of you?

19        THE DEFENDANT:  Yes.

20        THE COURT:  On the basis of Mr. Lai's responses to my

21   questions and my observations of his demeanor as he stands here

22   before me today, I make the finding that he is fully competent

23   to enter an informed plea at this time.

24        Before I accept a plea from you, sir, I am going to be

25   asking you certain questions which are intended to satisfy me

1    that you wish to plead guilty because you are guilty, and that

2    you fully understand the consequences of entering a plea of

3    guilty.  I am going to describe to you certain rights you have

4    under the Constitution and laws of the United States.  You are

5    going to be giving up those rights if you enter a plea of

6    guilty.  Listen to me carefully and if you do not understand

7    anything I am saying to you or anything I am asking you, I want

8    you to stop me, Mr. Lai, you can ask me whatever you want.

9              Do you understand that?

10             THE DEFENDANT:  Yes, I understand.

11             THE COURT:  Under the Constitution and laws of the

12   United States, sir, you have a right to a speedy and public

13   trial by a jury on the charges against you which are contained

14   in indictment 21 crim 343.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  If there were a trial, you would be

18   presumed innocent and the government would be required to prove

19   you guilty by competent evidence and beyond a reasonable doubt.

20   You would not have to prove you were innocent at a trial.

21             Do you understand those rights?

22             THE DEFENDANT:  Yes.

23             THE COURT:  If there were a trial, a jury composed of

24   12 people selected from this district would have to agree

25   unanimously that you were guilty.

1        Do you understand those rights?

2        THE DEFENDANT:  Yes, I do.

3        THE COURT:  You would have a right to be represented

4   by an attorney at trial and at every other stage of the

5   proceeding.  If you could not afford an attorney, one would be

6   given at no cost to you.

7        Do you understand those rights?

8        THE DEFENDANT:  Yes, I do.

9        THE COURT:  If there were a trial, you would have the

10  right to see and hear all of the witnesses against you and your

11  attorney could cross-examine those witnesses.  You would have a

12  right to have your attorney object to the government's evidence

13  and offer evidence on your own behalf, if you so desired.  And,

14  you would have the right to have subpoenas issued or other

15  compulsory process used to compel witnesses to testify in your

16  defense.

17       Do you understand those rights?

18       THE DEFENDANT:  Yes, I do.

19       THE COURT:  If there were a trial, you would have the

20  right to testify if you wanted to, but no one could force you

21  to testify if you did not want to testify.  In addition, no

22  inference or suggestion of guilt could be drawn if you decided

23  not to testify at your trial.

24       Do you understand that?

25       THE DEFENDANT:  Yes, I do.

N155laiP

| | |
|---|---|
| 1 | THE COURT: Do you understand that by entering a plea |
| 2 | of guilty today you are giving up each and every one of the |
| 3 | rights I have been describing, you are waiving those rights, |
| 4 | sir, and that there will be no trial here? |
| 5 | THE DEFENDANT: Yes, I do, your Honor. |
| 6 | THE COURT: You understand that you have the right to |
| 7 | change your mind right now and refuse to enter a plea of |
| 8 | guilty. You don't have to enter a plea of guilty if you do not |
| 9 | want to for any reason whatsoever. |
| 10 | Do you understand that? |
| 11 | THE DEFENDANT: Yes. I'm not changing my mind. |
| 12 | THE COURT: I'm sorry? |
| 13 | THE DEFENDANT: I am not changing my mind today. |
| 14 | THE COURT: Well, I just want you to know that you |
| 15 | have the right to do so. Do you understand that? |
| 16 | THE DEFENDANT: Yes. |
| 17 | THE COURT: All right. |
| 18 | Have you received a copy of indictment 21 crim 343? |
| 19 | THE DEFENDANT: Yes. |
| 20 | THE COURT: Did you read it? |
| 21 | THE DEFENDANT: Yes, I did. |
| 22 | THE COURT: Did you discuss it with Mr. Touger? |
| 23 | THE DEFENDANT: Yes, he did. |
| 24 | THE COURT: You have the right to have me read that |
| 25 | indictment to you in open court, but if you don't want me do |

N155laiP

1    that I won't.

2            What is your pleasure?

3            THE DEFENDANT:  You don't have to read it.

4            THE COURT:  I accept that as a knowing and voluntary

5    waiver of the right to have the indictment read in open court.

6            Do you understand that charged in Count Two you are

7    charged with conspiring, from November 2019, through at least

8    May 2021, with operating an unlicensed money transmitting

9    business, which business was operated without an appropriate

10   money transmitting license in a state where that operation is

11   punishable as a felony under state law, (B) you failed to

12   comply with the money transmitting business registration

13   requirements of 31 U.S.C. 5330 and the regulations prescribed

14   thereunder, and (C) it involved the transportation and

15   transmission of funds known to you to have been derived from a

16   criminal offense and were intended to be used to promote and

17   support unlawful activity in violation of 18 U.S.C. 371.

18           Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Do you understand that if you do not plead

21   guilty, the government would have to prove every element of

22   Count Two beyond a reasonable doubt at a trial?

23           Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Mr. Bodansky, set forth the elements the

1    government would have to prove beyond a reasonable doubt.

2            MR. BODANSKY:  Yes, your Honor.

3            In order to prove the defendant guilty of Count Two,

4    the government would be required to prove, beyond a reasonable

5    doubt, the following elements of 18 U.S.C. 371.

6            First, that two or more persons entered the unlawful

7    agreement charged in the indictment, here to operate an

8    unlicensed money transmitting business; second, the defendant

9    knowingly and willfully became a member of the conspiracy;

10   third, that one of the members of the conspiracy knowingly

11   committed at least one of the overt acts charged in the

12   indictment; and fourth, that the overt act or acts were

13   committed to further some objective of the conspiracy.

14           The underlying offense of operating an unlicensed

15   money transmitting business in violation of 18 U.S.C.

16   Section 1960 has the following elements:  First, that the

17   defendant knowingly conducted, controlled, managed, supervised,

18   directed or owned, all or part of a money transmitting

19   business; second, that the money transmitting business affected

20   interstate or foreign commerce in some manner or degree; and

21   third, among other things, that the business involved the

22   transportation or transmission of funds that were known to the

23   defendant to have been derived from a criminal offense or were

24   intended to be used to promote or support unlawful activity.

25           The government would also be required to prove, by a

1    preponderance of the evidence, that venue is proper here in the

2    Southern District of New York.

3              THE COURT:  Mr. Lai, do you understand those are the

4    elements the government has to prove beyond a reasonable doubt,

5    except for the venue requirement, that only has to be proven by

6    a preponderance of the evidence.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that the maximum

10   possible penalty of Count Two is five years in prison plus a

11   maximum term of supervised release of three years, plus a

12   maximum fine of the greatest of $250,000 or twice the gross

13   pecuniary gain derived from the offense or twice the gross

14   pecuniary loss to individuals other than you resulting from the

15   offense, plus a $100 mandatory special assessment?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you also understand that I can order

18   restitution to anyone injured as a result of your criminal

19   conduct?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Now, I said part of the maximum sentence

22   was three years of supervised release.  Supervised release

23   means you are going to be subject to monitoring upon your

24   release from prison and that monitoring will be under terms and

25   conditions that could lead to your reimprisonment without a

N155laiP

1  jury trial for all or part of the term of supervised release

2  and without credit for time previously served on post-release

3  supervision if you violate any term or condition of supervised

4  release.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you also understand that if I accept

8  your guilty plea and determine that you are guilty, that

9  determination may deprive you of such valuable civil rights as

10  the right to vote, the right to hold public office, the right

11  to serve on a jury, and the right to possess any kind of

12  firearm?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Mr. Touger, is your client a United States

15  citizen?

16          MR. TOUGER:  Yes, your Honor.

17          THE COURT:  Mr. Lai, did you discuss with Mr. Touger

18  the fact that there are sentencing guidelines that judges must

19  utilize in applying the factors set forth in 18 U.S.C. 3553(a)

20  to determine what a reasonable and fair and appropriate

21  sentence is in your case?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Did you discuss the Sentencing Guidelines

24  with him?

25          THE DEFENDANT:  Yes, I did.

N155laiP

1          THE COURT:  Do you understand I won't be able to

2   determine what the relevant guideline range is until after I

3   receive a presentence report prepared by the probation

4   department?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Now, the probation department is going to

7   interview you, sir.  Mr. Touger has a right to be there if he

8   and you wish him to be.  I want you to give the probation

9   department accurate and complete information because I'm going

10  to use that report in helping determine what your sentence

11  should be.

12          Do you understand that?

13          THE DEFENDANT:  Yes, I do.

14          THE COURT:  Now, after receiving that report and

15  receiving, by the way, any submissions from your attorney and

16  from the government, and after I adjudicate any objections that

17  either of the parties have here, I then determine what the

18  appropriate guideline range is and after that I then have the

19  ability to impose a sentence based on the departure from the

20  guidelines, in other words, I can sentence you to something

21  that's more time in prison than the guideline range and,

22  similarly, I can sentence to you something that's fewer months

23  in prison than the guideline range provides for.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I do.

N155laiP

1    THE COURT:  Even after I do that, sir, I then have to

2    apply all of the factors in Section 3553(a) to determine a

3    fair, reasonable, and appropriate sentence and one that is

4    sufficient but not greater than necessary to meet the ends of

5    the criminal justice system.

6        Do you understand that?

7    THE DEFENDANT:  Yes.

8    THE COURT:  When you are sentenced to prison, sir, I

9    wish to inform you that you will serve that time in prison, you

10   will not be released any earlier on parole because parole no

11   longer exists in the federal criminal justice system.

12       Do you understand that?

13   THE DEFENDANT:  Yes.

14   THE COURT:  And do you understand that if Mr. Touger

15   or anybody else has told you what your sentence is going to be,

16   or can be or should be or will be or may be --

17   THE DEFENDANT:  Yes.

18   THE COURT:  -- and even if you, yourself, believe you

19   know what your sentence is going to be, everybody could be

20   wrong.

21       Do you understand that?

22   THE DEFENDANT:  Yes, Judge.

23   THE COURT:  And that's because I'm the one who is

24   going to sentence you -- nobody else -- and I don't know what

25   your sentence is going to be because I don't know enough about

1  you or your crime or your upbringing, education, finances,

2  criminal history, if any. I don't know any of that and I need

3  to know that before I can determine what your sentence is.

4  So, if somebody has told you they know what the

5  sentence is going to be, you can't rely on that, you shouldn't

6  rely on that.

7  Do you understand that?

8  THE DEFENDANT: Yes, I do.

9  THE COURT: And if your sentence is different from

10  what anyone has told you it is going to be, or even if it is

11  different from what you may think it is going to be, you still

12  are going to be bound to your guilty plea today and you won't

13  be able to withdraw your guilty plea.

14  Do you understand that?

15  THE DEFENDANT: Yes.

16  THE COURT: Now, I have an agreement here, Mr. Touger

17  referred to it, he called it the plea agreement, I believe, it

18  is a letter dated November 22nd, to Mr. Touger, it's from

19  Mr. Bodansky, and I'm going to ask my deputy to mark it as

20  Government Exhibit no. 1. I'm going to ask her to show you the

21  last page. Is that your signature on the last page?

22  THE DEFENDANT: Yes.

23  THE COURT: Did you read that agreement before you

24  signed it?

25  THE DEFENDANT: Yes, I did.

1      THE COURT:  Did you discuss it with Mr. Touger before

2  you signed it?

3      THE DEFENDANT:  Yes, I did.

4      THE COURT:  Did you understand it, sir, at the time

5  you signed it?

6      THE DEFENDANT:  Yes, I do.

7      THE COURT:  Does that letter agreement, which I will

8  call the plea agreement, constitute your complete and total

9  understanding of the entire agreement between yourself,

10  Mr. Touger, and the government?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Is everything about your plea and sentence

13  contained in that agreement?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Are there any side deals I should know

16  about?

17      THE DEFENDANT:  No.

18      THE COURT:  Has anyone offered you any inducements, or

19  threatened you, or forced you to plead guilty, or to enter into

20  the plea agreement?

21      THE DEFENDANT:  No.

22      THE COURT:  Do you understand that in this plea

23  agreement, sir, you admitted the forfeiture allegation with

24  respect to Count Two and you have agreed to forfeit $975,000 in

25  currency to the United States?

N155laiP

1          THE DEFENDANT:  Yes.

2          THE COURT:  You also understand that you have

3     stipulated that the appropriate guideline range is 30 to 37

4     months in prison.

5          THE DEFENDANT:  Yes.

6          THE COURT:  And you have also agreed not to appeal the

7     sentence and not to collaterally attack the sentence if I

8     sentenced you to 37 months or fewer months in prison.

9          THE DEFENDANT:  Yes.

10          THE COURT:  You also understand that you have waived

11     the right to assert the statute of limitations as a defense to

12     the action against you?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Mr. Touger, are you aware of any valid

15     defense that would prevail at trial and know of any reason why

16     Mr. Lai should not be permitted to plead guilty this morning?

17          MR. TOUGER:  No, your Honor.

18          THE COURT:  In your view, sir, is there an adequate

19     factual basis to support your client's plea?

20          MR. TOUGER:  Yes, your Honor.

21          THE COURT:  In the view of the government, is there an

22     adequate factual basis to support Mr. Lai's plea this morning?

23          MR. BODANSKY:  Yes, your Honor.

24          THE COURT:  All right, Mr. Lai.  Tell me what you did

25     in connection with the charge in Count Two against you for

N155laiP

1  operating an unlicensed money transmitting business.

2           THE DEFENDANT:  I dropped off one person to the bank

3  to make a deposit three times.

4           THE COURT:  Say that again, sir?  What did you do?

5           THE DEFENDANT:  I dropped a person to the bank to make

6  a deposit and that was -- I did it three times.

7           THE COURT:  Did you have a money transmitting license

8  in California, sir?

9           THE DEFENDANT:  No.

10          THE COURT:  Where was the money that you gave this

11  person to deposit derived from?  Where did it come from?

12          MR. TOUGER:  He did not give the money to the person,

13  the person had the suitcases with him.

14          THE COURT:  All right.  Where did that money come

15  from?  What activity did that money come from?

16          THE DEFENDANT:  I have no idea but I know it was

17  illegal.

18          THE COURT:  How do you know it was illegal?

19          THE DEFENDANT:  Because when they making a deposit, a

20  large sum of money to the bank, anything over $10,000 they need

21  to have an IRS form, which they don't.

22          THE COURT:  They did not in this case?

23          THE DEFENDANT:  No.

24          THE COURT:  Government, are you seeking more on the

25  allocution?

N155laiP

|     |                                                                        |
|-----|------------------------------------------------------------------------|
| 1   | MR. BODANSKY:  I apologize, your Honor.  Did the                       |
| 2   | defendant allocute as to whether or not his deliveries crossed         |
| 3   | state lines?  Did he say where they took place?                        |
| 4   | THE COURT:  No, he did not.                                            |
| 5   | Did you cross state lines when you were bringing this                  |
| 6   | person to make the deposit?                                            |
| 7   | MR. TOUGER:  The person came from California, he                       |
| 8   | picked them up and brought them to a bank in Queens.                   |
| 9   | THE COURT:  In Queens.                                                 |
| 10  | THE DEFENDANT:  Yes; two times.                                        |
| 11  | THE COURT:  Is that true, sir?                                         |
| 12  | THE DEFENDANT:  Yes.                                                   |
| 13  | THE COURT:  Did you say two times?                                     |
| 14  | MR. TOUGER:  Three times, your Honor.                                  |
| 15  | THE DEFENDANT:  No; two times in Flushing, and one                    |
| 16  | time in Brooklyn.                                                      |
| 17  | THE COURT:  I take it -- I shouldn't take it -- did                   |
| 18  | you have a license to operate a money transmitting business in        |
| 19  | New York?                                                              |
| 20  | THE DEFENDANT:  No.                                                    |
| 21  | THE COURT:  Anything else, government?                                 |
| 22  | THE DEFENDANT:  No.                                                    |
| 23  | MR. BODANSKY:  May I confer with defense counsel for a                |
| 24  | moment?                                                                |
| 25  | THE COURT:  Yes, sure.                                                 |

N155laiP

```
 1            (Counsel conferring)

 2            MR. TOUGER:  Your Honor, one moment?

 3            (Defendant and counsel conferring)

 4            MR. TOUGER:  Your Honor, the defendant is going to

 5   make one change to his allocution that it was at least three,

 6   it might have been more than three.

 7            THE DEFENDANT:  Yes, it might have been more than

 8   three times.

 9            THE COURT:  Anything else on the allocution,

10   government?

11            MR. BODANSKY:  No, your Honor.

12            THE COURT:  Anything else, defense, on the allocution?

13            MR. TOUGER:  No, your Honor.

14            THE COURT:  When you did these things, sir, did you

15   know that what you were doing was wrong and illegal?

16            THE DEFENDANT:  Yes.

17            THE COURT:  How do you now plead to the charge in

18   Count Two of indictment 21 crim 343, sir; guilty or not guilty?

19            THE DEFENDANT:  Guilty.

20            THE COURT:  Are you pleading guilty because you are

21   guilty?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Are you pleading guilty voluntarily and of

24   your own free will?

25            THE DEFENDANT:  Yes.
```

N1551aiP

1          THE COURT:  Because you acknowledge you are guilty as

2      charged, because I find you know your rights and are waiving

3      them knowingly and voluntarily, because I find your plea is

4      entered knowingly and voluntarily and is supported by an

5      independent basis in fact containing each of the essential

6      elements of the offense, I accept your guilty plea, sir, and

7      determine you to be guilty of the offense to which you have

8      just pled.  I set the date for sentencing at April 4th at

9      11:00 a.m. in courtroom 23A.

10          Is there any application in regard to bail,

11      government?

12          MR. BODANSKY:  No, your Honor.

13          THE COURT:  Now, Mr. Lai, you are going to remain at

14      liberty until April 4th, but you are subject to all of the

15      conditions on which you have been released up to now.

16          Do you understand that?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  You have to follow any of those conditions

19      and any violation of those conditions you will be subject to

20      punishment as a result.

21          Do you understand that?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  I will see you on April 4th at 11:00 a.m.

24      in courtroom 23A, or any adjourned date.

25          Mr. Touger?

N155laiP

1          MR. TOUGER:  Just the papers to be marked that I want

2     to be there during presentence interview.

3          THE COURT:  Yes, sir.

4          MR. TOUGER:  You said 11:00 a.m. for sentence?

5          THE COURT:  Thank you.

6          THE DEFENDANT:  Thank you, Judge.

7          THE COURT:  You are very welcome, sir.  And I should

8     say that I have signed a consent preliminary order of

9     forfeiture which bears Mr. Lai's signature and was presented to

10    me.  So, I have done that.  Thank you.

11         MR. TOUGER:  Thank you, your Honor.

12         THE DEFENDANT:  Thank you, Judge.

13         THE COURT:  You are welcome, sir.

14         THE DEFENDANT:  Judge, can I come forward?  I want to

15    thank you for giving me the privilege of visiting my

16    granddaughter in Georgia and my niece's wedding in Tennessee

17    and my Lai family reunion in Florida.  Thank you very much.

18         THE COURT:  You are very welcome, sir.  Thank you.

19                              o0o

20

21

22

23

24

25