UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA

                            :     AMENDED CONSENT
       - v. -                     PRELIMINARY ORDER OF
                            :     FORFEITURE/
LARRY LAI,                   MONEY JUDGMENT

                            :
          Defendant.         21 Cr. 343 (SHS)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          WHEREAS, on or about May 24, 2021, LARRY LAI (the "Defendant"), among

others, was charged in a Sealed Indictment, 21 Cr. 343 (SHS) (the "Indictment"), with conspiracy

to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count

One); and conspiracy to operate an unlicensed money transmitting business, in violation of Title

18, United States Code, Section 371 (Count Two);

          WHEREAS, the Indictment included a forfeiture allegation as to Counts One and

Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses

charged in Counts One and Two of the Indictment, and any property traceable to such property,

including but not limited to sum of money in the United States currency, representing the amount

of property involved in the offenses charged in Counts One and Two of the Indictment, and various

specific property;

          WHEREAS, on or about July 21, 2021, the Government seized, pursuant to a

warrant issued by the Hon. Katherine H. Parker, United States Magistrate Judge for the Southern

District of New York, the following specific property:

                a.  $40,993.41 held in Citibank account 42028669184 held in the name of
                   Fangrui Cai Irrevocable Trust dated 3/12/2020; and

                b.  156,599.914 shares of Mainstay Mackay Tax Free Bond A (MTBAX),

61,209.463 shares of Mainstay Mackay Short Term Municipal A (MSTAX), 181,312.311 shares of Madison Large Cap Growth Fund (MCAAX), 192,407.346 shares of Principal California Municipal Fund Class A (SRCMX), and 82,528.543 shares of Hartford Municipal Opportunities Fund Class A (HHMAX) (collectively, the "Securities"), all held in Citibank account C12093214 in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020;

(a. and b., collectively, the "Specific Property");

WHEREAS, on or about January 5, 2023, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $975,000 in United States currency, representing property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $975,000 in United States currency, representing the amount of property involved in the offense charged in Count Two of the Indictment, for which the Defendant is jointly and severally liable with co-defendant Ying Sun (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitute property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jonathan Bodansky and Matthew R. Shahabian, of counsel, and the Defendant and his counsel, David Touger, Esq., that:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $975,000 in United States currency (the "Money Judgment"), representing the property involved in the offense charged in Count Two of the Indictment, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant LARRY LAI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.       All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.       The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.       Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.       Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.       The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall  be applied towards the satisfaction of the Money Judgment.

11.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.      The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14.     The signature page of this Amended Consent Preliminary Order of

Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts,

each of which will be deemed an original but all of which together will constitute one and the same

instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  _____            3/30/23
        JONATHAN BODANSKY                                   DATE
        MATTHEW R. SHAHABIAN
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-2385/1046


LARRY LAI

By:  _____            3/30/2023
        LARRY LAI                                                    DATE


By:  _____            _____
        DAVID TOUGER, ESQ.                                  DATE
        Attorney for Defendant
        Peluso & Touger
        70 Lafayette Street
        New York, NY 10013


SO ORDERED:

_____                     4/4/2023
HONORABLE SIDNEY H. STEIN                          DATE
UNITED STATES DISTRICT JUDGE