

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javitz Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 14, 2024

**VIA ECF**

The Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
New York, New York 10007

      Re:    *United States v. Ying Sun, et al*
                Case No. 21-CR-343 (SHS)

Dear Judge Stein:

      The Government respectfully submits this letter in response to (i) the Court's order from February 9, 2024 (Dkt. 283) (the "Order") directing that the Government respond to the petition (Dkt. 265) (the "Amended Petition") filed by Adriana Jones on behalf of 56 judgment creditors of the Juárez Cartel (collectively, the "Claimants"); and (ii) the letter filed on February 9, 2024 by the Claimants (Dkt. 284) (the "Letter").

      With respect to the Order, the Government intends to file a motion to dismiss the Amended Petition by the March 11, 2024 deadline set forth in the Order.

      With respect to the Letter, the Government will address in turn three issues raised by Claimants: (i) the agreement between the Government and Claimants regarding the form of the Amended Petition and extending the deadline to file the Amended Petition; (ii) the Stipulation and Order entered by the Court on December 22, 2023; and (iii) the motion for writ of attachment filed by Claimants on February 9, 2024 in *Miller v. Juárez Cartel,* 23-mc-00343 (VEC) (S.D.N.Y.) (the "Attachment Proceeding").

      **<u>The Amended Petition.</u>**  First, on August 11, 2023, Adriana Jones filed a petition in this action on behalf of 46[1] judgment creditors asserting an interest in assets subject to forfeiture pursuant to the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") entered by this Court against defendant Ying Sun on June 13, 2023 (Dkt. 221). The Order of Forfeiture forfeited to the Government the defendant's interest in, among other assets, (i) certain funds seized from a Citibank account held in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "Trust Currency"); and certain shares in a second Citibank account held in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "Trust Shares"). Pursuant to Title 21, United States Code, Section 853(n)(3), a petition in an ancillary forfeiture proceeding "*shall* be signed by the petitioner under penalty of perjury . . ." (emphasis added) and

---

[1] This appears to have been a typographical error and the intended number was 56.

shall set forth that person's "right, title, or interest in the property" and "the time and circumstances of . . . acquisition" of that right. Despite being filed on behalf of a large group of claimants, only the name and signature of Adriana Jones appeared on the petition. After reviewing the petition, the Government shared its view with Claimants that the Government did not believe Claimants had a cognizable interest in the assets because (i) the assets in question did not constitute blocked assets as defined by the Terrorism Risk Insurance Act; and (ii) Claimants victims were unsecured judgment creditors who had not executed against the assets and therefore had no standing to contest their forfeiture.

As the Letter states, on November 14, 2023, Claimants requested (i) an extension of the petition filing deadline to submit an amended petition and (ii) an accommodation from the Government regarding the signature requirement. Under the strict requirements of Section 853, each of the 56 of Claimants should have, at a minimum, stated their respective interest(s) in a given asset subject to forfeiture and signed that statement under penalty of perjury. Because all Claimants had "identical interests" in the seized assets, Claimants inquired whether the Government would accept an "amended omnibus claim on behalf of all plaintiffs" for ease of the Government, the Court and in furtherance of judicial efficiency. Because the Government believes that all Claimants lack standing, and due to the large number of claimants with materially identical (and in the Government's view wholly deficient) claims, on November 14, 2023, the Government agreed to allow the *sui generis* Amended Petition on behalf of 56 judgment creditors but signed by only one claimant. However, the Government recently learned that Claimants now seek to file a similarly defective petition, signed by one person on behalf of 56 claimants, in a criminal ancillary proceeding in another federal district, thereby attempting to systematically circumvent the clear requirements of Section 853(n)(3). Rather than retract the parties' agreement, the Government hereby asserts that Claimants may not rely on or cite the Government's agreement in this case to create precedent for avoiding the pleading requirements of Section 853(n)(3) in other cases in which Claimants may seek to file petitions.[2]

**The Stipulation and Order.** Next, Claimants object to the Stipulation and Order entered by the Court on December 22, 2023 (Dkt. 263) (the "Stipulation and Order") because Claimants believe they should have been included in the settlement agreement. As the Court is aware, pursuant to the Stipulation and Order, the claimant Fangrui Cai Irrevocable Trust agreed not to oppose the Government's forfeiture of the Trust Currency and the Government agreed not to pursue a final forfeiture order with respect to the Trust Shares provided the Trust make two

---

[2] The Government also notes that this agreement with Claimants occurred only as the Government was learning that Claimants had filed in excess of 700 other claims in agency administrative forfeiture proceedings throughout the United States. Had the Government been aware of the full extent of the claims being filed by Claimants, the Government would not have agreed to waive the strict pleading requirements of Section 853(n)(3) in this case. The Government's response to the Amended Petition has been necessarily delayed because of the need now to coordinate all responses to Claimants' innumerable claims with the Department of Justice and its Money Laundering and Asset Recovery Section.

payments which are to be applied towards the satisfaction of the defendant Ying Sun's forfeiture money judgment.[3]

The Claimants do not have any right to participate in the Government's decision regarding whether to seek forfeiture of a criminal defendant's interest in property. The ancillary forfeiture proceeding provided under Section 853 grants third parties the right to litigate forfeiture of their property to the United States. But "Section 853 does not grant third parties a right to litigate claims against a criminal defendant as to property whose forfeiture the government does not seek; it merely protects third parties from forfeiture of their asset by the government." *United States v. Vilar*, No. 05-CR-621 (RJS), 2022 WL 1156991, at *2 (S.D.N.Y. Apr. 19, 2022).

In *Vilar,* the Court noted that petitioners had cited no authority that would compel the government to pursue forfeiture of a given asset "so that third parties may have a forum to litigate their interest in the property." *Id.* at *1. In this instance, the Government does not expect to seek final forfeiture of the Trust Shares.[4] If Claimants believe they have a legal interest in those assets, once the Trust fulfills the terms of the Stipulation and Order, Claimants are free to pursue those claims in another proceeding; the Government is not obligated to provide a forum for such claims. However, because the Government still intends to forfeit the Trust Currency, the Government must first resolve all third-party claims, including those of Claimants, before requesting the Court to enter a final order of forfeiture.

**The Attachment Proceeding.** Finally, the Government notes that Claimants had not disclosed the Attachment Proceeding to the Government and did not reference the Attachment Proceeding in either the first petition or the Amended Petition – the Government just learned of the Attachment Proceeding from the Letter. Apparently, Claimants filed an *ex parte* motion for writ of execution, which was denied without prejudice on January 5, 2024. In denying the motion, the court noted that "[p]laintiffs failed to address (or even disclose) that they have already filed petitions to adjudicate their purported interest in property forfeited to the United States by Sun in connection with the Criminal Proceeding." (Order, January 5, 2024, J. Caproni, *Miller v. Juárez Cartel* 23-mc-00343 (VEC) (S.D.N.Y.)). In response, Claimants filed their motion for writ of attachment on February 9, 2024.

While the Government is not opposed to the Attachment Proceeding being consolidated before Your Honor, as Claimants suggest, the Government respectfully submits that execution of any judgment against these assets now is too late to be superior to the Government's interest and, more fundamentally, is barred by Title 21, United States Code, Section 853(k). Section 853(k), entitled "bar on intervention," explicitly provides:

> Except as provided in subsection (n), no party claiming an interest
> in property subject to forfeiture under this section may –

---

[3] At this time, the Trust has made the initial payment but the second payment has not yet become due.

[4] In the event the Trust does not fulfill its agreement under the Stipulation and Order, the Government may proceed to seek forfeiture of the Trust Shares. In that case, the Claimants are free to file a petition as to that asset.

(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

(2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

Thus, under the plain language of subsection (1), no third party has standing to intervene in a criminal case except by filing a third-party petition pursuant to Section 853(n), and under subsection (2), once a defendant has been indicted and notice of forfeiture has been given, no party may challenge the forfeiture of, or otherwise assert an interest in, property subject to forfeiture in any forum other than the ancillary forfeiture proceeding.[5]

Furthermore, as the Government will argue in its motion to dismiss, under the relation-back doctrine, as codified at Title 21, United States Code, Section 853(c), the Government's interest in property subject to criminal forfeiture arises at the time of the conduct giving rise to forfeiture. *See United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015). Here the Government's interest in these assets pre-dates the 2022 judgment entered in favor of Claimants by the North Dakota District Court, and therefore, regardless of whether Claimants attached their judgment against any of the assets subject to forfeiture (which they have not and now cannot), the Government's interest, by definition, precedes that of Claimants.

With no legal interest in the assets subject to the Order of Forfeiture, Claimants have no standing to contest forfeiture of those assets to the United States. The Government will file its motion to dismiss the Amended Petition by March 11, 2024.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/
Matthew Shahabian
Jonathan Bodansky
Assistant United States Attorneys
(212) 637-1046/2385

cc: All counsel of record (by ECF)

---

[5] The Court could, in the alternative, stay Claimants' motion for writ of attachment with respect to the Trust Shares only. If and when the Trust fulfills its payment obligation to the United States and the Government removes restraint from the Trust Shares account, the Trust Shares would no longer be subject to forfeiture in this ancillary proceeding.